# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **HENRY E. DODDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-09-445-SPS** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

The claimant Henry E. Dodds requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled.  As discussed below, the decision of the Commissioner is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]"  42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§

404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision

to two inquiries: whether the decision was supported by substantial evidence and whether

correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th

Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.

NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th

Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

substantiality of evidence must take into account whatever in the record fairly detracts

---

[1]Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born January 6, 1957, and was fifty-two years old at the time of the administrative hearing (Tr. 25-26, 98). He attended school up to the ninth grade (Tr. 122), and has worked as an electrician's helper, welder, pipe fitter, millwright worker, sheetrock hanger/dry application, and vacuum truck helper/general laborer (Tr. 37). The claimant alleges that he has been unable to work since July 7, 2007 because of chronic obstructive pulmonary disease ("COPD") (Tr. 117).

## Procedural History

The claimant applied on July 25, 2007 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 112-20). His applications were denied. ALJ Osly F. Deramus held an administrative hearing and determined the claimant was not disabled in a written opinion dated June 1, 2009. The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that, in light of the claimant's severe impairment of COPD, claimant had the physical ability to perform a "wide range" of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, he could lift 20 pounds occasionally or 10 pounds frequently and

stand/walk/sit for 6 hours in an 8-hour workday, but he was to avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other pulmonary irritants (Tr. 14). The ALJ concluded that, although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the regional and national economies, *e. g.*, assembler (Tr. 22).

### Review

The claimant contends that the ALJ erred: (i) by finding that he retains the RFC to perform light work; (ii) by failing to identify work he is capable of performing even if he has the RFC for light work; and (iii) by failing to account for the frequency of claimant's nebulizer use. The Court finds the claimant's second contention dispositive.

The claimant testified at the administrative hearing as to his COPD and breathing problems (Tr. 30-33). The ALJ later asked the vocational expert ("VE") whether there were any light jobs available in the regional or national economy with the additional restriction that the claimant was to avoid dust, fumes, gases, and other pulmonary irritants. The VE responded that an example would be the job of assembler, with a Dictionary of Occupational Title ("DOT") number of 712.687-010 (Tr. 37-38, 41). The VE stated that the job described was consistent with the description in the DOT (Tr. 41).

In his written decision, the ALJ included the need to avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other pulmonary irritants in claimant's RFC. The ALJ then adopted the VE's testimony that the claimant could perform the job of assembler, and specifically noted that the VE had "testified that there were no conflicts between the occupational evidence provided and information in the [DOT], including its

companion publication, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* [SCO/DOT]" (Tr. 22). The claimant argues this was error because the SCO/DOT states that the job of assembler will have occasional exposure to atmospheric conditions, *i. e.*, exposure to fumes, noxious odors, dusts, mists, gases, and poor ventilation up to 1/3 of the workday. *See* DICOT § 712.687-010.

Under Social Security Ruling 00-4p, "When the vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict *irrespective of how the conflict was identified*." 2000 WL 1898704 at *4 (SSA 2000). Although the VE testified that there was no conflict between his testimony and the DOT, there *is* a conflict that the ALJ was required to resolve. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

A conflict exists here because, contrary to the VE's testimony, the DOT defines the job of assember as requiring "occasional" exposure (*i. e.*, up to 1/3 of a work day) to atmospheric conditions. *See* DICOT § 712.687-010, 1991 WL 679245. The ALJ failed to ask the VE to reconcile this conflict, however, and the ALJ therefore committed reversible error in violation of this court's holding in *Haddock*. *See also Krueger v.*

*Astrue*, 337 Fed. Appx. 758, 761-61 (10th Cir. 2009) (reversing and remanding in part because ALJ failed to resolve conflict between VE's testimony and DOT job descriptions); *Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (applying *Haddock* to nonexertional limitations); *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (noting that SSR 00-4p "requires that an ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]").

The Commissioner argues that the claimant should have questioned the VE about any discrepancies at the administrative hearing and that he therefore failed to meet his burden of proof as to disability. *See Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005) ("We have held that where the claimant offers no evidence contrary to the VE's testimony, the claimant fails to meet his burden of proof under the fifth step of the disability analysis."). But unlike the practice in the Fifth Circuit, in this circuit the ALJ must resolve any apparent conflict between the VE's testimony and the DOT. *See Burns v. Barnhart*, 312 F.3d 113, 126 n.8 (3rd Cir. 2002) (discussing Circuit split); *compare Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) ("To the extent that there is any implied or indirect conflict between the [VE's] testimony and the DOT in this case . . . the ALJ may rely upon the [VE's] testimony provided that the record reflects an adequate basis for doing so.") *and Jones v. Apfel*, 190 F.3d 1224, 1229-1230 (11th Cir. 1999) ("We agree with the Sixth Circuit that when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT."), *with Smith v. Shalala*, 46 F.3d 45, 47 (8th cir. 1995) ("[W]hen expert testimony conflicts with the DOT, the DOT controls.") *and*

*Haddock*, 196 F.3d at 1091 ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

Accordingly, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further proceedings. On remand, the ALJ should resolve any conflicts between the VE's testimony and the DOT and determine what impact, if any, such resolution has on the issue of the claimant's disability.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 25th day of March, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma